**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 1 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES B. WHITE,

  Plaintiff-Appellant,

  v.

STATE OF UTAH and/or SALT
LAKE COUNTY JAIL,

  Defendants-Appellants.

No. 00-4109

(D. Utah)

(D.C. No. 00-CV-0137)

**ORDER AND JUDGMENT** *

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is,

therefore, ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

James B. White, proceeding pro se, filed suit against the Salt Lake County Jail and the State of Utah, claiming that his federal and state rights were violated while he was incarcerated. The district court dismissed the case on the grounds of failure to name a party capable of being sued and insufficiency of service of process. Mr. White now appeals and, for the reasons set forth below, we affirm.

## I. BACKGROUND & PROCEDURE

In his complaint, Mr. White alleged that, while an inmate at the Salt Lake County Jail, he was illegally detained, denied legal access, attacked by other inmates, and subjected to squalid living conditions for several hours. Mr. White's case was commenced in state court but was later removed to federal court pursuant to a request by the Salt Lake County Jail. Thereafter, the Salt Lake County Jail filed a motion to dismiss on the basis that it was not a party capable of being sued. See Fed. R. Civ. P. 9(a). The district court granted the motion and then, on its own motion, dismissed the complaint against the State of Utah for insufficiency of service of process. See Fed. R. Civ. P. 12(b)(5).

## II.  DISCUSSION

We address first the dismissal of the Salt Lake County Jail pursuant to Federal Rule of Civil Procedure 9(a).  The law of the state in which the district court sits governs the capacity of a governmental entity to sue or to be sued.  See Fed. R. Civ. P. 17(b).  In Utah, a statute expressly provides that a county may sue or be sued,  see U.C.A. § 17-50-302(2)(a), but there is no statutory or case authority supporting a direct action against a county's subdivisions, including its jails.  We therefore hold that the district court properly dismissed Mr. White's suit against the Salt Lake County Jail.  See Aston v. Cunningham , No. 99-4156, 2000 WL 796086, at *4 n.3 (10th Cir. June 21, 2000) (unpublished opinion) [1] ("Mr. Aston named the Salt Lake County jail as a defendant.  Dismissal against this entity was also required because a detention facility is not a person or legally created entity capable of being sued.");  Mayes v. Elrod , 470 F. Supp. 1188, 1191 (N.D. Ill. 1979) ("An Illinois statute expressly provides that a county may be sued. . . . However, we have found no statutory or case authority supporting a direct action against subdivisions of these entities, including the [County] Board [of Commissioners] or the [County] Department [of Corrections].");  cf. Wright & Miller, Federal Practice & Procedure  § 1562 ("Although a municipal corporation

---

[1] We cite this unpublished opinion for persuasive authority only pursuant to Tenth Circuit Rule 36.3(b)(1).

-3-

and the individual members of its city council may have capacity to sue and be sued, the council itself may not be a legal entity for purposes of Rule 17(b).").

As for the dismissal of the State of Utah, we also hold that the district court acted properly. Nowhere in the record is there evidence that the State was served. We note that Mr. White did send a summons to the Salt Lake County Clerk on January 24, 2000, and another to the District of Utah Clerk on March 27, 2000, but these papers indicate that the only persons served were (1) Judge Tyron E. Medley, (2) Salt Lake County District Attorney David E. Yocum, (3) Salt Lake County Deputy District Attorney John Soltis, and (4) Salt Lake County Jail. No summons was ever served on the State in accordance with Utah Rule of Civil Procedure 4 or Federal Rule of Civil Procedure 4. [2] See Utah R. Civ. P 4(e)(10) ("Personal service shall be made as follows: . . . Upon the state of Utah, in such cases as by law are authorized to be brought against the state, by delivering a copy to the attorney general and any other person or agency required by statute to be served . . . ."); Fed. R. Civ. P. 4(j)(2) ("Service upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the

_____

[2] We do not address whether the summonses contained the proper content, were in the proper form, or had been properly issued.

-4-

law of that state for the service of summons or other like process upon any such defendant.").

As a final note, we address two motions filed by Mr. White, the first being a motion to proceed in forma pauperis and the second a "Petition in Support . . . and Addendum of Notice of Claim," which we construe as a motion for general relief.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam) (noting that the pleadings of pro se litigants are liberally construed).  We grant Mr. White's motion to proceed in forma pauperis but deny his motion for general relief.  With respect to the latter motion, we note that, if Mr. White has sustained a new injury because of events that occurred subsequent to the filing of his complaint, he may file a new complaint; but that new complaint should be presented before a trial court, not an appellate one.

Accordingly, we AFFIRM the judgment of the district court, GRANT the motion to proceed in forma pauperis, and DENY the motion for general relief.

Entered for the Court,


Robert H. Henry
Circuit Judge